1  Joseph H. Harrington
United States Attorney
2  Eastern District of Washington
3  Dan Fruchter
Assistant United States Attorney
4  Karla Gebel Perrin
5  Special Assistant United States Attorney
Post Office Box 1494
6  Spokane, WA 99210-1494
7  Telephone: (509) 353-2767
Jennifer Leigh Blackwell
8  Senior Trial Attorney
9  Environmental Crimes Section
U.S. Department of Justice

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 0 6 2019

SEAN F. McAVOY, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

10

11

12  UNITED STATES DISTRICT COURT
13  FOR THE EASTERN DISTRICT OF WASHINGTON

14  UNITED STATES OF AMERICA,

15              Plaintiff,          4:17-CR-06020-SMJ

16

17      v.

18  FREEDOM FUEL INC.,              **PLEA AGREEMENT**

19              Defendant.

20

21

22      Plaintiff, United States of America, by and through Joseph H. Harrington,

23  United States Attorney for the Eastern District of Washington, and its undersigned

24  attorneys, and FREEDOM FUEL INC. ("Defendant") and the Defendant's counsel,

25  James A. Perkins, agree to the following Plea Agreement:

26  **1.    Guilty Plea and Maximum Statutory Penalties:**

27      Defendant agrees to plead guilty to Count 2 of the Indictment filed in the

28  Eastern District of Washington (No. 4:17-CR-6020-SMJ), charging the Defendant

U.S. v. FREEDOM FUEL INC. - Plea Agreement – Page 1 of 15

with Conspiracy to Defraud the United States - False Claims, in violation of 18 U.S.C. § 286. Defendant understands this charge is a Class C Felony that carries the following penalties: (1) not more than five years of probation; (2) a fine of up to $500,000, or in an amount twice the gross gain to the Defendant or the gross loss to the victim, whichever is greater; (3) the payment of restitution; and (4) a special penalty assessment in the amount of $400.00.

## 2. The Court is Not a Party to the Plea Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances. The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

### 3. Defendant FREEDOM FUEL INC. Organization:

Defendant, FREEDOM FUEL INC., understands that this Plea Agreement is intended to bind FREEDOM FUEL INC., and that if the Defendant changes names, reorganizes, merges, or otherwise ceases operations in its current form, the person or entity acquiring the assets or taking over the operation of Defendant's company shall take over the obligations of this Plea Agreement. The Defendant further agrees to provide the United States Attorney's Office for the Eastern District of Washington and the United States Probation Office for the Eastern District of Washington with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting the operation of its business.

No name change, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the Defendant's responsibilities under this Plea Agreement. The Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Plea Agreement. This Plea Agreement, together with all of the obligations and terms thereof, shall inure to the benefit and shall bind assignees, subsidiaries, successors-in-interest, or transferees of the Defendant.

### 4. Waiver of Constitutional Rights:

Defendant understands that, by entering these pleas of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

      a)     the right to a jury trial;

      b)     the right to see, hear and question the witnesses;

      c)     the right to remain silent at trial;

      d)     the right to testify at trial; and

      e)     the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands he retains the right to be assisted through the sentencing and any direct appeal of the

conviction and sentence by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney.

### 4. Waiver of Pending Motions:

The United States and Defendant agree that any pretrial motions pending before the Court are waived.

### 5. Elements of the Offense:

The United States and Defendant agree that in order to convict the Defendant of Conspiracy to Defraud the United States – False Claims, in violation of 18 U.S.C. § 286 the United States would have to prove beyond a reasonable doubt the following elements:

*First*: From in or about January 2013 to in or about April 2013, in the Eastern District of Washington, the Defendant knowingly entered into an agreement with others to defraud the United States or a department or agency of the United States, as charged in Count 2 of the Indictment; and

*Second*: By obtaining payment or allowance of materially false, fictitious, or fraudulent claims, as charged in Count 2 of the Indictment.

### 6. Factual Basis and Statement of Facts:

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

Defendant Freedom Fuel Inc. was a company registered incorporated in the State of Washington. Hector Garza was the registered agent of Freedom Fuel Inc. Gen-X Energy Group, Inc. (Gen-X), had a headquarters in Pasco, Washington. Scott Johnson was the CEO and president of Gen-X.

Defendant admits that between January 2013 and April 2013, Defendant agreed with Gen-X, Johnson, and others to participate in a scheme to falsely claim the production of renewable fuel at the Gen-X facilities. Defendant, acting through Hector Garza and others, and its conspirators agreed to cause and allow Gen-X to file false tax refund claims with the Internal Revenue Service (IRS), specifically "Claims for Refunds of Excise Taxes," for fuel that was either not produced or had been re-processed multiple times. Defendant, acting through Hector Garza and others, also agreed with its co-conspirators that Gen-X, Johnson and others would falsely generate renewable identification numbers (RINs) through the Environmental Protection Agency's on-line "EMTS" system, which were then sold to a third party in exchange for money. As the Defendant knew, the resulting RINs generated on this fuel were fraudulent and were subsequently sold fraudulently in an effort to obtain proceeds to which the Defendant, Gen-X, Johnson, and the conspirators were not entitled.

Specifically, Defendant admits that between January 2013 and April 2013, the conspirators used a scheme referred to as "rounding" whereby "feedstock" was reprocessed multiple times through the Gen-X facility, and purported "renewable fuel," which was called "G-Force," was sold to Defendant Freedom Fuel. To carry out the scheme, Gen-X bought "feedstock" from HTG Trucking, then processed the material at the Gen-X facilities, and sold the same material to Defendant Freedom Fuel as a purported new renewable fuel product, "G-Force." The "G-Force" was then converted on paper back to "feedstock," which was then recirculated from HTG Trucking to Gen-X as "feedstock," and then re-sold to Defendant Freedom Fuel as "G-Force." Thus, rather than generating new renewable fuel with each batch of feedstock, the same product was simply re-circulated through the Gen-X facilities. Prior to selling the "fuel" to Defendant Freedom Fuel, Gen-X caused a RIN to be electronically generated through EMTS for each gallon of renewable fuel and then separated the RINs from the new renewable fuel. The RINs were then sold to a third-party in exchange for approximately $296,000, to which Gen-X was not entitled.

As part of the scheme, the conspirators, including Defendant Freedom Fuel, acting through Hector Garza and Tammy Garza, created false records, such as false invoices from HTG Trucking to Gen-X purporting to show the purchase of "feedstock," false invoices from Gen-X to Freedom Fuel purporting to show the sale of new renewable fuel, and false bills of lading.

From approximately January 2013 to April 2013, Defendant, acting through Hector Garza and others, and its conspirators agreed to and did cause and allow Gen-X to file Claims for Refunds of Excise Taxes (IRS Forms 8849) with associated Schedule 3 Forms with the U.S. Department of the Treasury, IRS, when they knew that the claims were false. The Schedule 3 Forms claimed that Gen-X manufactured "Liquid fuel derived from biomass," when Defendant and the conspirators knew that Gen-X did not produce such fuel and the purchase on paper by Defendant Freedom Fuel of the "fuel" was to perpetuate the fraud claims, and not make any legitimate purchases of renewable fuel.

As part of the scheme, Defendant, acting through Hector Garza and others, and its conspirators caused and allowed Gen-X to apply to the IRS for the Alternative Fuel Tax Credit for approximately 569,062 gallons of renewable fuel that was never actually produced and thus never actually sold. As a result of the false claims, the IRS paid Gen-X approximately $284,546, to which Gen-X was not entitled. Per their agreement, Gen-X then shared half of these proceeds ($142,273) with Hector Garza, Tammy Garza, HTG Trucking, and Freedom Fuel.

### 7. The United States Agrees:

#### a. To Dismiss Counts:

At the time of sentencing, the United States agrees to move to dismiss Count 1 of the Indictment.

#### b. Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington and Department of Justice, Environmental Crimes Section, agree not to bring any

additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment pending in the Eastern District of Washington, unless Defendant breaches this Plea Agreement before sentencing and/or withdraws in any way from this Plea Agreement.

### c. United States Sentencing Guideline Calculations:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter U.S.S.G.) are applicable to this case, and that the Court will determine Defendant's applicable sentencing guideline range at sentencing.

### a. Base Offense Level:

The United States and the Defendant acknowledge that the Court is not bound by the parties' recommendation concerning the base offense level.

The United States and Defendant agree that the base offense level for Conspiracy to Defraud the United States – False Claims is 6.

### b. Guideline Adjustments:

The United States and the Defendant acknowledge that the Court is not bound by the parties' recommendation concerning the guideline adjustments. Defendant reserves the right to seek other downward specific offense characteristics, downward adjustments, or variances, and the United States reserves the right to oppose any such motion or argument.

The United States and Defendant agree and stipulate that the total loss amount identified in the factual basis of at least \$ 580,546 results in a fourteen (14) level upward adjustment to the base offense level, pursuant to U.S.S.G. § 2B1.1(b)(1)(H).

The United States and Defendant further agree and stipulate that Defendant's use of sophisticated means as set forth in the factual basis results in a two (2)-level upward adjustment pursuant to U.S.S.G. § 2B1.1(b)(10).

The United States and Defendant agree that they are not aware of any other adjustments that apply, resulting in a total adjusted offense level of 22.

The United States and Defendant agree that pursuant to U.S.S.G. § 8C2.4, the base fine for an offense level of 22 for a corporation is $2,000,000. The United States and Defendant further agree that the culpability score for the Defendant is 1.

The United States and Defendant agree that the guideline fine range for Defendant is $400,000 to $800,000.

      c.    **Special Assessment:**

Furthermore, the Defendant agrees to pay the mandatory special penalty assessments referenced in paragraph 10 to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

**8.    Criminal Fine:**

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine they believe is appropriate.

**9.    Probation:**

The United States and the Defendant agree to recommend that the Court impose a three (3)-year term of probation. The parties further agree to recommend that, as a condition of probation, the Court order the Defendant to pay restitution of $284,546 to the United States Internal Revenue Service.

**10.    Mandatory Special Penalty Assessment:**

Defendant agrees to pay the $400 mandatory special penalty assessment for its conviction as to Count 2 of the Indictment brought in the Eastern District of Washington (No. 4:17-CR-6020-SMJ) to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

**11.    Restitution:**

The United States and the Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663(a) and 3664, the Court should order restitution in the amounts of $284,546 to the United States Internal Revenue Service. The parties agree that the

restitution order should be imposed jointly and severally between Tammy L. Garza, Hector M. Garza, Freedom Fuel, Inc. and HTG Trucking, LLC. This means that the Defendant's restitution judgment shall be credited or set off for any payment made by the others who are jointly responsible for the restitution ordered. Further, pursuant to 18 U.S.C. § 3663(a)(3), the Defendant voluntarily agrees to pay the agreed upon restitution amount in exchange for the United States not bringing additional potential charges, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the parties agree to the following:

a. No later than fifteen (15) days after sentencing, Defendant will make an initial restitution payment in an amount to be determined by the Court. The parties further agree the Court will set a payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). The parties also agree that the interest on this restitution amount should be waived. Defendant agrees to pay on a monthly basis not less than ten-percent of its net monthly income.

b. Defendant understands that any monetary debt Defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits. Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

c. Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse,

nominee or third party. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of 30 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. The parties agree that Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

d.      Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. This obligation ceases when the restitution is paid-in-full.

e.      The Defendant agrees to notify the Court and the United States of any material change in its economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect its ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full. The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. §3612(b)(F). This obligation ceases when the restitution is paid-in-full.

f.      The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the

U.S. v. FREEDOM FUEL INC. - Plea Agreement – Page 10 of 15

IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment. Notice will be provided to the Court for, and the due process requirements and rights of 26 U.S.C. § 6330 shall apply to, any levy action taken by the IRS.

g.     Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered.  Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

h.     Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

i.     If full payment cannot be made immediately, the Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the United States Attorney's Office or the probation office. Defendant also agrees to provide the above-described information to the United States Attorney's Office and to the probation office.

**12.     Additional Violations of Law Can Void Plea Agreement:**

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify

its recommendation for sentence if, before sentence is imposed, Defendant is charged or convicted of any criminal offense whatsoever.

**13.    Waiver of Appeal and Collateral Attack Rights:**

Defendant understands that by entering into this Plea Agreement, he effectively is waiving its opportunity to challenge before the trial court and an appellate court any alleged procedural or substantive issues involving its prosecution on the Indictment that arose prior to the entry of the guilty plea. In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive the right to appeal its sentence, including any restitution order. Defendant further expressly waives its right to file any post-conviction motion attacking its conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

**14.    Owner Approval**

The Defendant represents, and will state to the Court on the record, that its owners, directors, and/or duly authorized corporate officers authorize Defendant to plead guilty to the Indictment in this case, and to enter into and comply with all the provisions of this Plea Agreement.

**15.    Integration Clause**

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington and the Department of Justice, Environmental Crimes Section, and therefore cannot bind other federal, state or

local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

**Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
United States Attorney

Daniel Hugo Fruchter                    6/6/19
Assistant U.S. Attorney                  Date

Karla Gebel Perrin
Special Assistant United States Attorney

Jennifer Leigh Blackwell
Senior Trial Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. I have also consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          _____
Hector M. Garza                                          Date   6/6/19
Corporate Representative for Freedom Fuel Inc.

I have read this Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____

James Perkins
Attorney for Defendant

_6/6/2019_
Date